KATHERINE BIEGLER, Respondent, v. SUPREME COUNCIL
OF AMERICAN LEGION OF HONOR, Appellant.

St. Louis Court of Appeals, April 3, 1894.

57 419|
96 ² 16|
57 419|
101 ²555

1. **Death, Presumption of:** APPLICABILITY OF STATUTE. Our stat-
ute in relation to the presumption of death from an absence for seven
successive years does not apply, when the absentee was last seen in
this state and is not shown to have departed from it.

2. ———: RULE AT COMMON LAW: LAW AND FACT. The sufficiency of pre-
sumptive proof of death at common law depends upon the facts of
each case. The presumption at common law is not absolute; it is
open to rebuttal by proof warranting counter inferences. But *held*
that a peremptory instruction to find the death was nevertheless per-
missible in this cause, since there was no proof in rebuttal of the
presumption.

*Appeal from the St. Louis City Circuit Court.*—HON.
JACOB KLEIN, Judge.

AFFIRMED.

*Frederick H. Bacon* for appellant.

The true rule is that death will be presumed from
an unexplained absence of seven years, only when the
following facts are proved (unless the person when last
heard from was shown to have been in contact with a
great peril rendering continuation of life improbable):
*First.* The departure must have been from the last
known domicile (if not from the country or state) for
temporary purposes with the intention of returning.
*Dickens v. Miller*, 12 Mo. App. 413; *Wentworth v.
Wentworth*, 71 Me. 72; *Spurr v. Tremble*, 1 A. K.
Marsh. 278; *Garnwood v. Hastings*, 38 Cal. 229; 29
Albany Law Journal, pp. 426–464; *White v. Mann*, 26
Me. 361; *Thomas v. Thomas*, 16 Neb. 553. *Second.*

Such absence must be continued for a period of seven years without tidings from the absentee by those who would have been likely to hear from him if alive. *Thomas v. Thomas,* 16 Neb. 553; *Wentworth v. Wentworth,* 71 Me. 74. *Third.* There must not appear to have been any probable motive for such absence or reasons for the neglect to send tidings or to return. *Watson v. England,* 14 Sim. 27; *Bowden v. Henderson,* 2 Smale & G. 360; *Doe v. Deakin,* 6 East, 85; *King v. Harborne,* 2 Ad. & Ell. 540; *Miller's Est.,* 9 N. Y. Supp. 639; *Garnwood v. Hastings,* 38 Cal. 229; *McCartee v. Camel,* 1 Barb. Ch. 455; *Thomas v. Thomas,* 16 Neb. 553. *Fourth.* There must have been reasonable search or inquiry made for the person so shown to have been absent. *Prudential Assurance Co. v. Edmonds,* 2 App. Cas. 487; *Doe v. Andrews,* 15 Ad. & Ell. 756; *In re Rhodes,* 28 L. T. (N. S.) 392; *In re Creed,* 1 Drew, 235; *Clark v. Cummings,* 5 Barb. 339; *Gilleland v. Martin,* 3 McLean, 490; *University v. Harrison,* 90 N. C. 385. There must be diligent inquiry. *Bailey v. Bailey,* 36 Mich. 185; *Brown v. Jewett,* 18 N. H. 232; *Commonwealth v. Thompson,* 11 Allen, 25; *Stinchfield v. Emerson,* 52 Me. 465; *Shown v. McMackin,* 9 Lea, 605.

*Geo. W. Bailey* for respondent.

ROMBAUER, P. J.—John F. Biegler, the plaintiff's husband, was, on February 22, 1886, a member of the defendant corporation, holding one of its benefit certificates for $1,000, payable at his death to his wife, the plaintiff. On the day named he left his residence in the city of St. Louis, and was never heard from since. In May, 1893, the plaintiff, relying on the presumption of death arising on this unexplained absence for a period of more than seven years, instituted the present

action to recover the amount mentioned in the certif-
icate.    Upon the trial of the cause the defendant
admitted of record "that, if on the twenty-second of
February, 1893, John F. Biegler was dead, then the
plaintiff is entitled to recover on the benefit certificate
sued on the amount sued for."    The cause was tried
by a jury, who found a verdict for the plaintiff.    The
errors assigned are that there is no substantial evidence
tending to show the only fact in controversy, and
that the court erred in its instructions to the jury.

The defendant introduced no evidence. It appeared
from the plaintiff's evidence that John F. Biegler was
born in Holland, came to this country in 1858,
married the plaintiff in St. Louis in 1869, and
resided with her at the latter place from that day
to the day of his disappearance, a period of sixteen
years and more.    He was, at the date of his disap-
pearance, forty-nine years of age.    The spouses
got along peaceably and never quarreled.    One girl
twelve years old when her father disappeared, and
one boy seven years old at that date, testified at the
trial.    Biegler was sick with erysipelas one year
anterior to his disappearance, which disease slightly
affected his mind.    He was an iron cornice maker by
trade, and had been out of work for several weeks
immediately preceding his disappearance, which fact
rendered him somewhat despondent.    His parents
were dead and he had no relatives in this country, but
had some in Holland with whom his relations were not
friendly.

As to the circumstances immediately surrounding
Biegler's disappearance, and subsequent efforts made
to discover his whereabouts, the evidence tended to
show these facts:    On the day of his disappearance,
which was, as above seen, the anniversary of Washing-
ton's birthday, he took his little boy to see the parade.

He returned home and left again about 5 o'clock in the afternoon, stating that he was going to see a party about employment, but that he would return at 8 o'clock in the evening. He never returned. His wife notified one of the defendant's officers the next day of the fact of his disappearance, and also notified the chief of police. The fact of his disappearance was published in the city papers. His wife called at the city hospital and called repeatedly at the morgue, hoping to find some trace of her missing husband, but never found any. The search was continued for two years, and then abandoned as hopeless. Biegler was never since heard from.

Our statute (R. S. 1889, sec. 4890), provides: "If any person, who shall have resided in this state, *go from* and *do not return* to this state for seven successive years, he shall be presumed to be dead in any case where his death shall come in question, unless proof be made that he was alive within that time." That the case at bar is not within the statute is conceded, as Biegler was last seen in this state and there is no evidence that he ever departed therefrom. The question, therefore, must be determined by the rules of common law.

The defendant's counsel has filed an elaborate and searching review of the English and American cases on this subject from *Thorn v. Rolff*, 2 Dyer, 185, decided in 1560, to the present day, and requests us to examine these cases *seriatim*, and to state some definite rule which can be deduced from them and which may serve as a guide in the trial of this question, which we are told is becoming of more frequent occurrence from day to day. A general rule on this subject can not be stated, as the presumption is a mere logical presumption with the arbitrary limit of seven years superadded for purposes of convenience. The deduction, there-

fore, is like the one in cases of negligence, necessarily dependent on the facts of each individual case.

We assume that all the decisions in this state concede that, in cases falling outside of the statute, the presumption is not an absolute one, but is subject to be rebutted, even by counter presumptions or inferences. The cases of *Donaldson v. Lewis*, 7 Mo. App. 403, and *Hancock v. Ins. Co.*, 62 Mo. 26, which contain the fullest discussion of the subject found in our reports, were both cases where the jury were called upon to find the occurrence of death prior to the expiration of seven years, and where the recovery depended upon the finding of that fact. In such cases an entirely different rule applies, because the burden is upon the party who relies upon the death to show, not only disappearance and silence which remain unexplained, but also the greater probability of death at some particular time than at another. These cases do not depend on the seven year rule. They are mere asseverations of the fact that death, like any other event, may be shown, by inferential evidence, to have occurred at some particular time.

Where, however, as in the case at bar, there is a disappearance and silence for seven years, under circumstances from which no reasonable mind could draw the inference that the absence was voluntary; where the absence is wholly unexplained and unaccounted for on any rational theory save that of death; where a man of industrious habits, and attached to his family, leaves it without any provocation, and never communicates with them thereafter; where reasonable search is made immediately after the disappearance, and is kept up for some time without furnishing any clew whatever; where, in fine, all these things concur, the court is justified in instructing the jury that, upon a finding of these facts, they may presume the absentee to be

dead after an expiration of seven years. We must, therefore, overrule the defendant's first assignment of error, that there was no substantial evidence of Biegler's being dead when plaintiff instituted the present action.

The defendant, however, contends that, conceding that the court, under the evidence, was warranted in instructing the jury that they might from all these elements presume the death, the instruction given for plaintiff was erroneous, because it did not submit to the jury the various elements above stated as conditions precedent to their finding, but directed them that, if they found part of these facts, then the presumption of death was one of law. Whether the instruction was technically correct, is a mere abstraction. The burden of proof to establish the death of her husband was unquestionably upon the plaintiff. She discharged that burden by showing his causeless departure, and his not being heard from for seven consecutive years, unless there was something in the surrounding circumstances, as disclosed by the evidence, which had a tendency to account for Biegler's not being heard from during that period on some other theory than that of his presumptive death. We fail to see anything in the surrounding circumstances, as thus disclosed, which has any tendency to rebut the plaintiff's *prima facie* case. That all the facts which go to make up the case were not submitted to the jury in the instruction framed by plaintiff, can furnish no ground of complaint, since there is no controversy whatever in the evidence that all the facts existed. There is nothing in the case which has the least tendency to impeach the veracity of any of the plaintiff's witnesses. While it was for the jury to find the death, they could not, under the evidence and the presumption arising from it, have failed to find it without resorting to bare conjecture. There is nothing

in the case to build a counter presumption upon.

The defendant relies on *Dickens v. Miller*, 12 Mo. App. 408, where an instruction similar to the one given for plaintiff in this case was criticised. But that case furnishes no parallel. Dickens, the absentee in that case, was a young, unmarried man, twenty-two years of age, and of shiftless habits. All the circumstances surrounding his departure indicated that he never intended to return. This court decided that it was error to refuse an instruction asked by the defendant in that case, that the jury might consider all these facts in determining whether the defendant was dead after the expiration of seven years from a departure had under such circumstances. There was ample evidence in that case to build a counter presumption upon, which in the case at bar is wholly wanting. The defendant's instructions in this case were properly refused for the same reason.

All the judges concurring, the judgment is affirmed.