Flood v. Growney.

FLOOD v. GROWNEY, *Appellant.*

Division Two, January 9, 1895.

1. **Nonresidence:** PRESUMPTION. The fact that a person was formerly a resident of Pennsylvania and went to Illinois, and from the latter state to California, where he was last heard of, raises a presumption that he was never a resident of this state.

2. ———: ———: ADMINISTRATION. Revised Statutes, 1889, section 272, authorizing granting of letters of administration on the estate of a nonresident of this state, after absence on his part for seven years, has no application to the foregoing case.

3. **Presumption:** DEATH: ABSENCE FOR SEVEN YEARS. Where a person has not been heard of for seven years by those who, were he living, would naturally hear from him, he will be presumed to be dead, unless the circumstances are such as to account for his silence without assuming his death.

*Appeal from Nodaway Circuit Court.*—HON. C. A. ANTHONY, Judge.

AFFIRMED.

*P. L. Growney pro se.*

(1) The court erred in its ruling on the instructions. It was incumbent on plaintiff to show that Boyle is not, and never was, a resident of this state. (2) To establish the presumption of death, absence by the absentee must be proved from his last known place of residence, or from the last place known and designated as his home. *Struchfield v. Emerson,* 52 Mo. 465; *Spurr v. Trimble,* 1 A. K. Marshall, 278; *Dickens v. Miller,* 12 Mo. App. 408; *Bank v. Brand,* 83 Ky. 219. (3) Ejectment can not be maintained on constructive possession where there is an actual occupant of the premises. *Callahan v. Davis,* 90 Mo. 78; *Ins. Co. v. Cummings,* 90 Mo. 276; *Shaw v. Tracy,* 95 Mo. 531.

*W. W. Ramsey* for respondent.

(1) The facts that John Boyle left his home with his sister, in Easton, Pennsylvania, eighteen years ago, that his sister has made diligent efforts to learn of him for the past fourteen years, that he has not been heard from, raise the presumption that he is dead. 1 Greenleaf on Evidence, sec. 41; 1 Am. and Eng. Encyclopedia of Law, p. 38, and notes. (2) Revised Statutes, 1889, sections 272 and 4890, do not apply to cases like this one, where the absentee never resided in this state. *Dickens v. Miller*, 12 Mo. App. 408. (3) There was abundant evidence to justify the court in submitting the question of defendant's possession to the jury.

BURGESS, J.—Ejectment for forty acres of land in Nodaway county. On a trial before a jury there was a verdict and judgment for plaintiff for the possession of the land and $40 damages. The rents and profits were fixed by the jury at $5 per month. From the verdict and judgment the defendant appealed.

Plaintiff showed a regular chain of title from the United States Government to Sarah Boyle, deceased, who died intestate in 1865. She was plaintiff's mother, under whom she claims title as the only surviving heir. The evidence showed that when plaintiff's mother died she left surviving her, as her only heirs, the plaintiff and her brother, whose name was John Boyle; that, some eighteen years before the trial, the plaintiff and her brother lived at Easton, Pennsylvania, her brother residing with her, when he left home, went to Illinois, and from there to Collusa, California, whence he was last heard from by letter about fourteen years before the trial; and, although efforts have been made to find him, they have been unavailing. The

evidence also showed defendant in possession without title of any kind.   The plaintiff is the widow of James Flood, deceased.

Defendant's first contention is that the court committed error in giving the following instruction at the instance of plaintiff:

"2.  If the jury believe from the evidence that Sarah Boyle died intestate, leaving as her only heirs the plaintiff and her brother; that her said brother has been absent and unheard of for a greater period than seven years, then, in the absence of evidence to the contrary, the law would presume that said absent brother is dead, and in the event the jury believe there is no evidence to the contrary, they will be warranted in so finding."

It is argued that section 272, Revised Statutes, 1889, was intended to supersede in this state the common law rule of presumption of death arising from the fact that a person had not been heard of for seven years or more; and that the burden rested upon plaintiff to show that John Boyle had never been a resident of this state, and that in the absence of such proof the instruction was erroneous.   That section has no application to this case, as the evidence showed that Boyle had last, before going to California, made his home with plaintiff at Easton, Pennsylvania, and that he finally left there and went to California, raising a presumption, at least, that he never was a resident of this state.   "The rule now is general that a person shown not to have been heard of for seven years by those (if any) who, if he had been alive, would naturally have heard of him, is presumed to be dead, unless the circumstances of the case are such as to account for his not being heard of without assuming his death."   1 Am. and Eng. Encyclopedia of Law, p. 38.

The plaintiff, his sister, seems to have been the

only member of his immediate family, beside himself, surviving when he left his home in Pennsylvania and went west, and it would seem that, if he had been alive, she, of all others, would naturally have heard of him. One of the letters addressed to him at Collusa, California, was returned to her, and, although she wrote to him repeatedly, her letters, with one exception, to that place, were unanswered. After an absence of seven years from his home in Pennsylvania, unheard of, the presumption was that he was dead, and the burden was on defendant to show that he was alive at the time of the trial. *Hoyt v. Newbold*, 45 N. J. L. 219.

There are other points of minor importance raised by defendant, but of little or no merit. The judgment was manifestly for the right party, and should be affirmed. It is so ordered. All of this division concur.