# ORPHA COBBLE, Appellant, v. ROYAL NEIGHBORS OF AMERICA.

## In Banc, December 30, 1921.

1. **LIFE INSURANCE: Insured's Absence for Seven Years: Void By-Law.** A by-law of a fraternal beneficiary association, made a part of the contract of insurance, declaring that "no lapse of time or disappearance on the part of any member, without proof of actual death, shall entitle his beneficiary to recover the amount of his benefit certificate" and that "the disappearance or long continued absence of any member unheard of shall not be regarded as evidence of death or give any right to recover on any benefit certificate until the full term of the member's expectancy of life has expired within the life of the benefit certificate in question," is void, and is no bar to the recovery by the beneficiary whose husband, holding a certificate, upon which all dues have been paid, left home to perform some work and had not been heard from for more than seven years before suit was brought.

2. **————: Seven Years' Absence: Presumption of Death: Under the Statute.** Under the statute (Sec. 6340, R. S. 1909) providing that "if any person who shall have resided in this State go from and do not return to this State for seven consecutive years, he shall be presumed to be dead in any case wherein his death shall come in question, unless proof be made that he was alive within that time," it cannot be presumed that plaintiff's husband, who held a certificate in a fraternal beneficiary association and left his home in this State and has never since been heard of, is dead, although absent for more than seven years, for in order to base her right to recover on said statute she must establish that he went from this State and did not return to it.

3. **————: ————: ————: Under Common Law Rule.** The common-law rule is that "where a person has not been heard from for seven years by those who, were he living, would naturally hear from him, he will be presumed to be dead, unless the circumstances are such as to account for his silence without assuming his death," and that rule was not repealed by the statute; and under it the beneficiary of a certificate issued by a fraternal beneficiary association to her husband, who went away from his home in this State to perform some work and has not been heard of for more than seven years, can recover in a suit based on said certificate, although it contains

a clause denying her the right to base a recovery upon his said disappearance.

4. ———: ———: **By-Law.** A by-law of a life insurance company which is violate of the common-law or a statute is void; and if it is inserted in the insurance contract, it nevertheless is no part of the contract, for being void it cannot be made valid and binding by agreement.

5. ———: ———: **Recovery During Life Expectancy: Unreasonable.** A by-law which declares that no lapse of time or disappearance on the part of the insured shall give his beneficiary ''any right to recover until the full term of the insured's life expectancy has expired within the life of the benefit certificate'' is void for unreasonableness, for in most cases it would deny any recovery at all, or the possibility of bringing suit within the period of limitations.

6. ———: **Postponing Suit: Waiver.** Any by-law or provision in an insurance contract which directly or indirectly limits or tends to limit the time within which any suit or action may be instituted is null and void, and violative of the statute (Sec. 2166, R. S. 1919), and the words ''limit or tend to limit'' apply to the postponement of a suit where the agreement would postpone the suit beyond the period prescribed by the Statute of Limitations.

Appeal from Greene Circuit Court.—*Hon. Guy D. Kirby,* Judge.

REVERSED AND REMANDED. (*with directions*).

*Wm. H. Horine* and *Wright Bros.* for appellant.

(1) The common law obtains in Missouri. Sec. 8047, R. S. 1909. (2) The statute does not change the common-law rule relative to the presumption of death after absence for a period of seven years. Chapman v. Kullman, 191 Mo. 245; Flood v. Grover, 126 Mo. 262. (3) There is no presumption that plaintiff's husband died at any particular time within the seven years, but the presumption is that on the 7th day of June, 1917, he was dead. Chapman v. Kullman, 191 Mo. 245. (4) The statutes provide that defendant has no power to pass a by-law not consistent with Art. 7, Chap. 61, R. S. 1909, or the Constitution and laws of this State. R. S. 1909, secs.

7055, 3441, 3432; Supreme Ruling of Fra. Mystic Cir. v. Hoskins, 171 S. W. 812. (5) All by-laws must be reasonable, and not repugnant or contrary to the general law. St. Louis Ins. Co. v. Goodfellow, 9 Mo. 149, 153; Purdy v. Banker's Life Assn., 101 Mo. App. 102; Bacon on Benefit Societies, secs. 82 85. (6) The by-law violates Section 1, Article 14, Constitution of the United States. It deprives the plaintiff of property without due process of law, and denies to the plaintiff the equal protection of the law. Plaintiff is by the by-law deprived of her right to sue at the death of her husband, while other beneficiaries may sue. (7) If the court shall deem the presumption of the death to be a rule of evidence then appellant contends that her husband could not waive the presumption. That is a privilege of the litigant. Supreme Ruling v. Hoskins, 171 S. W. 842.

*E. T. Fuller* and *Frank W. McAllister, amici curae.*

(1) If the facts bring the case within the strict terms of Sec. 6340, R. S. 1909, the doctrine seems to be generally accepted that a by-law of a fraternal insurance company attempting to avoid the presumption of death entirely, or to postpone its application for a longer period than that provided by the statute, cannot prevail. National Union v. Sawyer, 42 D. C. App. 475; Mystic Circle v. Hoskins, 171 S. W. 812; Richey v. W. O. W., 168 N. W. 276; Olson v. M. W. A., 164 N. W. 346; Hannon v. A. O. U. W., L. R. A. 1917 C, 1029, 99 Kan. 734, 163 Pac. 169; Sovereign Camp W. O. W. v. Robinson, 187 S. W. 215; Samberg v. Maccabees, 133 Am. St. 396, 123 N. W. 25; Supreme Lodge K. P. v. Wilson, 204 S. W. 891; Reynolds v. North American Union, 204 Ill. App. 316. In all of these cases the reserve power of the company to make reasonable changes in or amendments to its by-laws is conceded, but the most of those cited hold that provisions similar to the by-law in question here are unreasonable and void. It is true that in most of these cases the rule as to whether the by-law is reasonable is

applied in a case involving a prior-made contract, but the reasons generally given for adjusting the by-law unreasonably apply just as forcibly to a contract made after the by-law was enacted. Furthermore, the reasonableness of the presumption of death after seven years' absence is not only supported by the legislative judgment but for centuries the common law courts of Great Britain, without legislature enactment, followed the same rule, as representing the common judgment and experience of men. (2) In the instant case, however, the appellant did not bring her case within the strict terms of Section 6340, because she failed to show that the absentee left this State. However, the evidence brings her case within the common law rule, which is, that the presumption of death arises from an unexplained absence of seven years. 17 C. J. 1167; Flood v. Growney, 126 Mo. 264; Sec. 8047, R. S. 1909. This section unquestionably makes the common law of England as it existed prior to the fourth year of the reign of James the First a part of the law of this State, and gives to the common-law presumption of death after an unexplained absence of seven years the same force and effect as though it was expressly recited in a legislative enactment. It is not a mere right or privilege which the individual may waive, but, as said in National Union v. Sawyer, supra, declares the public policy of the State in that respect and is a direct command to the courts to govern them in the administration of justice. Mystic Circle v. Hoskins, supra. The statutory presumption of death is not a mere rule of evidence. The law itself, instead of the court, raises the presumption. Sec. 3441, R. S. 1909, applies to the class of fraternal beneficiary insurance companies to which respondent belongs and under that section respondent may make by-laws for its government, etc., but it is expressly provided that such by-laws "shall not be contrary to the provisions of the Constitution or laws of this State." (3) There is a direct conflict between the common law rule as to the presumption of death after an unexplained absence of seven years, and the provisions of

respondent's by-law.  It is the settled law of this State, as well as the law generally through this country, that the statutes enter into and become a part of a contract of insurance just as effectively as though they were actually copied into it, and by virtue of Section 8047 the common-law presumption of death after an unexplained absence of seven years is a part of the certificate sued on in this case.  Cravens v. N. Y. Ins. Co., 148 Mo. 604; Haven v. Ins. Co., 123 Mo. 416; Williams v. Ins. Co., 73 Mo. App. 607; Ampleman v. Citizens Ins. Co., 35 Mo. App. 308.; Ritchey v. Home Ins. Co., 104 Mo. App. 146; Chandler v. John Hancock Mt. Life Ins. Co., 180 Mo. App. 394; Roberts v. Modern Woodmen of America, 133 Mo. App. 207.  (4) And it is equally well settled that if there is a conflict between two separate provisions of a contract of insurance, or if the contract is open to two constructions, one favorable to the insured and one not, the courts will adopt the one favorable to the insured. Lamaitre v. Nat. Casualty Co., 195 Mo. App. 606; Mathews v. Modern Woodmen, 236 Mo. 342; Weist v. Ins. Co., 186 Mo. App. 22.

*Benjamin D. Smith* and *Barbour & McDavid* for respondent.

(1) The by-law which is here the subject of controversy deals with a rule of evidence and with nothing else, and relates to the manner and quantum of proof necessary to establish the death of the insured.  Cobble v. Royal Neighbors of America, 219 S. W. 120; Winter v. Supreme Lodge, 96 Mo. App. 15; Duff v. Duff, 156 Mo. App. 247; Kelley v. Supreme Council, 61 N. Y. Supp. 394. (2) We deal here with a contract, not a mere by-law, and this because the by-law is merged as such into and has become a part of a written, contract.  The question then is not whether a given by-law is valid, but whether the provisions of such a by-law when embodied into the contract and when it has become a part of a contract is valid and

enforcible. Purdy v. Bankers' Life Association, 101 Mo. App. 106; Goddard v. Exchange, 78 Mo. 609. (3) Sec. 3441, R. S. 1909 Cannot be so construed as to destroy the right of parties to contract in respect of any thing which is not forbidden or prohibited either directly or by the clearest implication by such statute. Cravens v. New York Life Ins. Co., 148 Mo. 583. An examination of the authorities cited in the briefs filed on behalf of appellant will disclose that in nearly every case that pretends to deal with a by-law similar to the by-law here in issue, such by-law was enacted after the certificate had been issued. There arose in all these cases the question as to whether a society had the right by an after-enacted by-law to change the terms of the contract and whether such a change as made by such by-law was a reasonable one. This question does not arise in this case. The very fact that all these cases that are cited by appellant's counsel stress the point that the by-law in question was invalid because it was enacted after the issuance of the contract supports the conclusion and idea that if such by-law had been in force at the time of the making of the contract and had become a part of such contract by express agreement these courts would have upheld the same as being entirely valid. Among all the cases cited by them dealing with this question, there is but one, to-wit, National Union v. Sawyer, 42 D. C. App. 475, which holds a by-law similar to this, in force at the date of the contract, invalid. There is an additional case to be found in Idaho Reports, not mentioned in the briefs, which is to the same effect. But the great weight of authority, supports the doctrine that such a by-law, dealing as it does, with a rule of evidence only, is reasonable, is not contrary to public policy, and is therefore valid, and especially must this be true when, as here, it was in full force at date of contract and became a part of it by its very terms. Franta v. Bohemian Union, 164 Mo. 304, is a case which deals extensively with the principles which underlie insurance of the character here in issue. (5) The insurer has the right to say upon what conditions

he will take a risk upon a given life. The insurer has the right to say upon what conditions and under what circumstances it will pay benefits. Supreme Lodge v. Knight, 117 Ind. 489; Supreme Lodge v. Benes, 231 Ill. 134.

MOZLEY, C.—This cause comes to this court from the Springfield Court of Appeals on the dissent of BRADLEY, J., wherein he sets forth, contrary to the majority opinion of the court, that By-law No. 33, hereinafter set out, is invalid, (1) because an unwholesome law and not founded on right and reason, and (2) because it runs counter to the common and statutory laws of the State and (3) it is out of line with the greater weight of authority in this country.

Elisha W. Cobble made application for membership in defendant's fraternal insurance company on the 27th day of December, 1909, and was admitted thereto on the 29th day of December, 1909, and a benefit certificate was issued to him in the sum of $1000, payable at his death, with plaintiff, his wife, beneficiary therein.

It is conceded that said Cobble was a resident of Springfield, Missouri, living with his wife and children; that he was a sober man of exemplary habits, and a carpenter by trade. On June 7, 1910, he left home to perform some work and has not been heard from since, although every avenue where information of his whereabouts might have been obtained was resorted to by plaintiff without success. Defendant was notified of his disappearance, but remained quiescent. All of the dues and assessments accruing on said benefit certificate were paid by plaintiff and accepted by defendant until more than seven years had elapsed since his disappearance. Plaintiff then gave notice of insured's death to defendant and demanded payment of said certificate, which was refused, and the present suit was instituted to recover the $1000 named therein, with interest thereon, from the date of insured's death.

Plaintiff was unsuccessful in the court below and, after motions for a new trial and to arrest the judgment

had been filed and overruled by the court, said cause was duly appealed to the Springfield Court of Appeals.

In the application for said benefit certificate, it was agreed as follows:

" I agree to conform in all respects to the law, rules and usages of the society, now in force or which may hereafter be enacted and adopted by same; and this application and the by-laws of the society shall form the sole basis of admission to membership therein, and of the benefit certificate to be issued by the said Royal Neighbors of America.

"I fully understand the objects, organization, mode of government defining the qualifications for and the restrictions upon its membership.

"I further understand and agree that the laws of this society now in force or hereafter enacted enter into and become a part of every contract of indemnity by and between the members of the society, and govern all rights thereunder.

"I further expressly waive for myself, my beneficiary or beneficiaries, the provisions of any law, and the statutes of any state, now in force or that may hereafter be enacted, that would, in the absence of this agreement, modify or conflict with my contract with this society or cause it to be construed in any way contrary to its express language."

It was further stipulated that defendant was a fraternal insurance company incorporated under the laws of the State of Illinois, and that it has complied with the laws of this State and is authorized to do business as such in this State; that the authenticity of its by-laws was conceded and admissible in testimony, subject to objection for incompetency, irrelevancy or immateriality; that the expectancy of life of said Cobble had not expired prior to the institution of the present action, and had not since expired; that the payment of all dues and assessment had been made and recived by defendant, as above stated, and that no point would be

made on account of formal proof of death not having been filed with defendant as required by its by-laws.

It is contended by defendant that the following by-law effectually prevents plaintiff from instituting suit against defendant to recover on said benefit certificate, and postpones the jurisdiction of the court to entertain such suit until the expectancy of life of insured has expired.

Said by-law reads as follows:

"Sec. 33. No lapse of time or disappearance on the part of any member heretofore or hereafter admitted into the society, without proof. of the actual death of such member while in good standing in the society, shall entitle his or her beneficiary or benefiiciaries to recover the amount of his or her benefit certificate except as hereinafter provided. The disappearance or long continued absence of any member unheard of shall not be regarded as evidence of death or give any right to recover on any benefit certificate until the full term of the member's expectancy of life has expired within the life of the benefit certificate in question, and this law shall be in full force and effect, and any statutes of any state or country to the contrary notwithstanding."

The facts will be further noted when deemed necessary.

I. As will be seen the crux of the whole matter is wrapped in the question of the validity or non-validity of the above by-law. It is conceded by both sides, as we understand it, that said by-law operates and was intended to so operate, in the case in hand and all like cases, to postpone the payment of the benefit certificate and to prohibit the right to sue thereon, until insured's expectancy of life had been reached, and not then unless that event happened within the life of the benefit certificate.

*Issue.*

II. Our statute, Section 6340, Revised Statutes 1909, provides that:

"If any person who shall have resided in this State go from and do not return to this State for seven successive years, he shall be presumed to be dead in any case wherein his death shall come in question, unless proof be made that he was alive within that time."

The common-law rule is stated as follows:

"Where a person has not been heard of for seven years by those who were living, would naturally hear from him, he will be presumed to be dead, unless the circumstances are such as to account for his silence without assuming his death."

The record before us appears to be silent as to whether or not insured "went from this State without returning to this State for a period of seven successive years."

Under this condition of the record it is plain that plaintiff cannot rely on said statute to establish the presumption of death of the insured. Said statute, however, is one thing, and the common law is another. The common law was not repealed by the statute. [Cobble v. Royal Neighbors of America, 219 S. W. (Mo. App.) 120; St. Louis Union Trust Co. v. Buck, 220 S. W. (Mo. App.) l. c. 718; Chapman v. Kullman, 191 Mo. l. c. 246; 22 Am. & Eng. Ency. Law, par. 1245; Biegler v. Supreme Council, 57 Mo. App. 419; Duff v. Duff, 156 Mo. App. 247; Flood v. Growney, 126 Mo. 262, l. c. 264; Shown v. McMackin, 42 Am. Rep. (Tenn.) 681; Marden v. City of Boston, 155 Mass. 359.]

We quote from the majority opinion in the Cobble Case, supra:

"This restricted statutory rule, however, does not exclude the common-law rule on the same subject, so that the plaintiff may, and indeed must, bottom her case on the common-law rule rather than the statute."

The other authorities cited, we think, fully sustain the rule just quoted.

III. That said by-law runs counter to the rule of evidence established by both the common-law and the

statute, we think, there is no doubt. See Purdy v. Banker's Life Assn., 101 Mo. App. 91, where it was held that "the by-laws of a corporation, duly enacted, *and containing no provision contrary to the charter or the laws of the land,* are binding on its members, and presumed to be known to them." It will be noted that the binding character of the by-law, as well as the presumption that the members have knowledge of it, depend upon the validity of the by-law itself. If the law is invalid the members thereof are neither bound by or chargeable with knowledge of it.

We think this proposition is fully sustained by the following authorities: Hannon v. Grand Lodge, 163 Pac. (Kan.) l. c. 171; Olson v. Modern Woodmen of America, 164 N. W. (Iowa) 346; Samberg v. Knights of Maccabees, 123 N. W. (Mich.) 25 McLaughlin v. Sovereign Camp Woodmen of the World, 194 N. W. (Neb.) 112; Supreme Ruling of Fraternal Mystic Circle v. Hoskins, 171 S. W. (Tex.) 812, l. c. 813-14; Eaton v. International Travelers Assn., 136 S. W. (Tex.) 817; Supreme Lodge Knights of Pythias v. Wilson, 204 S. W. (Tex.) 891, l. c. 894; National Union v. Sawyer, 42 App. Cases (D. C.) l. c. 480; Sovereign Camp Woodmen of the World v. Robinson, 187 S. W. (Tex.) 215; Gilmore v. Knights of Columbus, 107 Am. St. (Conn.) 17; Olson v. Court of Honor, 117 Am. St. (Minn.) 676; Lange v. Royal Highlanders, 121 Am. St. (Neb.) 786; Cooley's Const. Lim. (7 Ed.) 524; Sec. 3441, R. S. 1909; Sec. 2870, R. S. 1909.

In the case of National Union v. Sawyer, supra, at page 480, it is said:

"A general authority to make by-laws or amendments (such as defendant had in the instant case) does not authorize the passage of one that contravenes the law of the land. The statute declares the *general policy of the law* and any by-law or regulation contravening the statute is necessarily without effect."

In Hannon v. Grand Lodge, supra, at page 171, it is held:

"The rule as to the circumstances under which un-explained absence shall be deemed to raise a presumption of death is so well settled in this State as to have acquired substantially the force of a statute. It has been declared and applied by the courts and acquiesed in by the Legislature. Where the rule has been confirmed by statute by-laws similar to that here involved have been *held inoperative as to a certificate already in existence.*"

IV.  Said by-law is unreasonable in the instant and all similar cases.  Here insured was 39 years of age when he took out the benefit certificate, and plaintiff, his wife and beneficiary, was a year or more older than

**Unreasonable.** he, hence her expectancy in life was less than his. If the insured lived the full term of his expectancy and his beneficiary lived the full term of her expectancy, she would be dead before his death and, hence, if said by-law is upheld as valid, plaintiff would be compelled to pay dues on said certificate as long as she lived, and before insured reached his expectancy in life, when she could maintain an action to recover on said certificate, she would be dead, and thus absolutely deprived of the very provisions for her relief which was intended by the insured in the first instance in taking out said benefit certificate and making her the beneficiary therein.  We do not think the citation of authorities is necessary to sustain this proposition.

V.  Said by-law, as conceded by both sides, undertakes to change the time, by postponement, when suit may be brought by the beneficiary on said

**Postponing Suit.** benefit certificate from seven years after the disappearance of insured until his expectancy in life has been reached which, in the instant case, would be many years thereafter. Aside from this a mere reading of said by-law discloses on its face that this was its sole purpose.

Nor is there any question as to insured's relation with defendant being a contractual one.

Formerly limitation as to the time within which an action could be brought could be waived. But that has not been allowable since the adoption of the laws hereinafter set out first appeared in Laws of 1887, page 89. This act was contained in Revised Statutes 1889, section, 2394; again in Revised Statutes 1909, section 2780, and Revised Statutes 1919, section 2166. It appears though all of these statutes without amendment from said session acts, supra, to date. They read as follows: •

"All parts of any contract or agreement made or entered into which either directly or indirectly limit or tend to limit the time in which any suit or action may be instituted, *shall be null and void.*" [Karnes v. Ins. Co., 144 Mo. 413; Richardson v. Railroad, 149 Mo. 311; Roberts v. Modern Woodmen, 133 Mo. App. 207.]

We do not think the term "limit or tend to limit" the time within which suit may be brought contained in said statutes applies exclusively to shortening such time. We think, it must inevitably apply to a postponement of the right to sue where, as here, the attempted postponement carries it years beyond the Statute of Limitations.

These statutes have apparently been overlooked by all concerned, but it is apparent that they were in force at the time said by-law was written changing the time within which suit might be instituted, and that it was written with full knowledge of their existence by defendant.

VI. It is contended by defendant that said by-law became a part of the contract of insurance the same as if it had been written therein. That has never been true of an invalid law of any kind in so far as it related to contracts. As shown above the by-law in question is absolutely void and, hence, could not be, and is not, a part of the contract. And that attempted waiver by insured for him-

Invalid By-Law: Part of Contract.

self and his beneficiary contained in his application for said benefit certificate was of no force or vitality; it was merely *nil*.

VII.   The authorities from our sister states are not in harmony as to the validity or non-validity of said by-law and similar by-laws, but we think those which are better considered hold that said by-law runs counter to the rule of evidence (which is neither more nor less than a rule of public policy) establishing an absence of seven years of insured, unheard from, as the time when suit may be brought, which is the better rule.   This we think is the more humane rule and more in keeping with the right and justice of the situation, and we think that those authorities ought to be followed in this case, for the reason that the beneficiary may not, in the end, be deprived of the very benefit intended for care and support after the death of the insured which was the prime object had in view when the benefit certificate was taken out.   We do not think that the right of the beneficiary to recover in this case should be lost sight of in the confusion of said by-law. which, if upheld, in this case would allow the beneficiary to die before the insured reached his expectancy.

Furthermore, so far as our research has gone, we know of no state, except this State, having a statute like the one referred to above.

The conclusion we have reached renders it unnecessary to prolong this opinoin by the discussion of other matters contained in the record.   We hold that said by-law runs counter to the common law and said statute; that it is unreasonable, in the instant case, and that it is squarely against the statute above set out, and, therefore, void.   We think the cause ought to be reversed and remanded with directions to the lower court to set aside its judgment and enter judgment for plaintiff in accordance with the prayer of her petition.

It is so ordered.  *Railey, C.,* dissents for reasons stated in majority opinion of Springfield Court of Ap-

peals; *White, C.,* dissents and thinks opinion of *Sturgis, J.,* should be adopted.

PER CURIAM:—The foregoing opinion of MOZLEY, C., is hereby adopted as the opinion of the court. *Woodson, Graves, Higbee* and *Walker, J.J.,* concur; *James T. Blair, C. J., David E. Blair* and *Elder, JJ.,* dissent.