[Civ. No. 4135. First Appellate District, Division One.—May 4, 1922.]

## MARY C. McCORMICK, Respondent, v. WOODMEN OF THE WORLD (a Corporation), Appellant.

[1] LIFE INSURANCE—DISAPPEARANCE OF INSURED—PROOF OF DEATH—VOID CONDITION.—A condition in a fraternal benefit certificate providing that the absence or disappearance of the member holding the certificate from his last-known place of residence for any length of time should not be sufficient evidence of his death and that no right should accrue under such certificate to the beneficiary nor any benefits be paid until proof had been made of the death of the member while in good standing is against public policy and violative of subdivision 26 of section 1963 of the Code of Civil Procedure, which provides that a person not heard from in seven years is dead.

[2] ID.—PAYMENT OF INDEMNITY—EVIDENCE — LEGAL IMPLICATION.—The law implies that in every contract of insurance upon human life that the insurer will pay the indemnity upon proof by competent evidence judicially tested and weighed by the law of the land, and such contracts ought to be immune from material impairment of this right.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. T. I. Fitzpatrick, Judge. Affirmed.

The facts are stated in the opinion of the court.

M. T. Moses for Appellant.

Heidelberg & Murasky for Respondent.

TYLER, P. J.—This action was brought to recover upon a benefit certificate issued by defendant company. Plaintiff is the wife and sole beneficiary of one Fasty M. McCormick, a member of defendant society, an unincorporated fraternal organization.

The action was commenced on the twentieth day of November, 1920, and is one of the so-called "disappearance" cases. It appears from the record that Fasty McCormick became a member of the society on the thirty-first day of December, 1911. At that time the benefit certificate here

sued upon was issued to him.  He expressly, and in writing, accepted the same subject to the conditions and terms therein specified.  Among these conditions was one which provided that the absence or disappearance of a member holding the certificate from his last-known place of residence for any length of time should not be sufficient evidence of his death, and that no right should accrue under such a certificate to a beneficiary or beneficiaries, nor any benefits be paid until proof had been made of the death of said member, while in good standing.  Another condition provided that the beneficiary was entitled to the sum of $1,500 if the insurer died within one year from the date thereof, $2,250 if death occurred within two years, and $3,000 if death occurred two years thereafter.

McCormick disappeared on the second day of July, 1913, and has not been seen nor heard of for more than seven years, though diligent search was made to ascertain his whereabouts, and plaintiff claims that he is dead.  Judgment was rendered in her favor for $3,000, the full amount of the certificate, and defendant appeals.  Appellant contended below, and does here, that the disappearance clause in the certificate bars recovery, and also that respondent is not entitled to the full amount of the policy, but is only entitled in any event to partial recovery.

[1]  The record contains no direct proof that McCormick is dead, and in fact no such claim is made, plaintiff relying solely on the circumstance that the insured has been absent and neither seen nor heard from for more than seven years, and is therefore presumed to be dead.  (Subd. 26, sec. 1963, Code Civ. Proc.)  It is conceded, as indeed it must be, that if the disappearance clause in the contract is valid and binding, it is conclusive against plaintiff and no recovery can be had thereon.  Respondent claims in support of the judgment, however, that the clause is against public policy and is violative of the laws of the state and contrary to the terms of the policy itself.  The attempt of beneficial societies to adopt a by-law or contract relating to disappearance cases, and to control the rule of evidence with respect to the presumption of death, has been fully considered and discussed by the courts of various jurisdictions.  There is considerable variance in the views of those courts upon the question.  In some of

the cases the assailed provision was in the by-laws at the time the contract of insurance was made, in others it appeared in after-enacted by-laws. It would be a matter of supererogation to review the authorities in detail, for we are of the opinion that the appellate courts of this state have arrayed themselves on the side of those jurisdictions which hold similar provisions to be unreasonable and against public policy. In the case of *Bennett* v. *Modern Woodmen of America,* 52 Cal. App. 581 [199 Pac. 343], where a disappearance clause was considered, it was said: "But it is a rule of common law and of statutory enactment of this state that a person not heard from in seven years is presumed to be dead (Code Civ. Proc., sec. 1963, subd. 26), and appellant's by-law is not only unreasonable and violative of statutory enactment, but is against the weight of public policy. It has been repeatedly so held. (*Reynolds* v. *North America Union,* 204 Ill. App. 316; *Samberg* v. *Knights of Modern Maccabees,* 158 Mich. 568 [133 Am. St. Rep. 396, 123 N. W. 25]; *National Union* v. *Sawyer,* 42 App. Cas. (D. C.) 475; *Supreme Lodge Knights of Pythias* v. *Wilson* (Tex. Civ. App.), 204 S. W. 891, 894.) Its enforcement would not only have the effect to render nugatory a salutary statute, but the further result of making it practically impossible to make proofs of death in cases within the recognized experience of man, and thereby work a substantial injustice to the beneficiary. (*Sovereign Camp, W. O. W.,* v. *Robinson* (Tex. Civ. App.), 187 S. W. 215, 219; *Reynolds* v. *North America Union, supra.*) In *Olson* v. *Modern Woodmen of America,* 182 Iowa, 1018 [L. R. A. 1918F, 1164, 164 N. W. 346], this same appellant invoked the defense of this same by-law. The court refused to countenance the plea, holding that its application would impose on a beneficiary the burden of paying all dues and assessments during the whole period of the expectancy of the assured, thereby making the certificate practically worthless." A transfer was denied by the supreme court in this case.

Counsel for appellant seeks to distinguish this authority from the instant case and claims that no question there arose as to the validity of the original contract between the member and the society, the terms upon which he was admitted to membership, and that the case involved an

after-enacted by-law. We cannot distinguish this case in principle from the Bennett case. The reasons assigned for holding the by-law in that case invalid are not less apparent or persuasive because of the fact that it was not part of the original contract of the insurer. [2] The law implies that in every contract of insurance upon human life that the insurer will pay the indemnity upon proof by competent evidence judicially tested and weighed by the law of the land, and such contracts ought to be immune from material impairment of this right. A stipulation in a contract that certain evidence only shall be admissible in case of litigation subsequently arising under such contract cannot be allowed to control the action of the court in the admission of or in the effect to be given to the evidence.

Courts will not permit the course of justice upon trials before them to be stipulated and controlled in such a manner as to defeat the ends to be subserved by such trials. Parties to a contract cannot agree to oust courts of jurisdiction over such contracts. Such acts transcend their power. (*Utter* v. *Travellers' Ins. Co.*, 65 Mich. 545 [8 Am. St. Rep. 913, 32 N. W. 812]; *Travellers' Ins. Co.* v. *McConkey*, 127 U. S. 661 [32 L. Ed. 308, 8 Sup. Ct. Rep. 1360, see, also, Rose's U. S. Notes].)

As shown in the Bennett case such a stipulation in a contract is unreasonable and against public policy, as it nullifies the contract of insurance in the event of the disappearance of the insured. It is further objectionable, as above indicated, as being an attempt to contract as to the effect of evidence, and to thus control the action of the court in the determination of what shall be considered sufficient evidence to prove a given fact. Its enforcement would therefore deprive a court of its ordinary functions. Deceased had the right to have his insurance paid upon the occasion of his death. If such a clause in a contract of insurance is enforceable in controlling the involved rule of evidence, it would be impossible for a beneficiary to prove the death of the insured under these circumstances, even though the fact of death would be presumed to exist under established legal principles. Such an agreement clearly impairs the vested right of the insured to have the amount of his policy paid to his beneficiary, upon his

death.   (*Olson* v. *Modern Woodmen of America,* 182 Iowa, 1018 [L. R. A. 1918F, 1164, 164 N. W. 346]; *National Union* v. *Sawyer,* 42 App. Cas. (D. C.), 479; *Samberg* v. *Knights of Modern Maccabees,* 158 Mich. 568 [133 Am. St. Rep. 396, 123 N. W. 25]; *Supreme Lodge K. of P.* v. *Wilson* (Tex. Civ. App.), 204 S. W. 891.)

We are of the opinion, therefore, that the doctrine announced in the Bennett case to the effect that such a clause is void as against public policy is controlling here.   We see no merit in the further contention that plaintiff is only entitled to a partial recovery.   The presumption being that the insured was dead at the expiration of seven years from his disappearance would make him a member for a period approximating nine years, and it appears that during this time plaintiff paid and defendant accepted all dues and assessments which became payable by reason of the benefit certificate.   Plaintiff was therefore entitled to the maximum value of the policy.

For the reasons given the judgment is affirmed.

Kerrigan, J., and Knight, J., *pro tem.,* concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on July 3, 1922.

All the Justices concurred, except Wilbur, J., who dissented, and Lawlor, J., and Lennon, J., who were absent.

Shurtleff, J., was also absent and Richards, J., *pro tem.,* was acting.