## H. SPECHT V. A. R. COLLINS.

### No. 6891.

**Contract to Sell Lands of an Estate.**—Specht sued Collins for specific performance or for damages for the breach of the following contract: "I hereby give to H. Specht, of Galveston, the first right to purchase of the State school sections in Wichita County filed upon in the name of H. D. Collins as soon as administration is had upon the estate, said Specht to pay for said lands at rate of 50 cents per acre net as lands now stand. Denison, Feb. 20, 1886. (Signed) A. R. Collins." H. D. Collins was the wife of defendant and had been dead about eighteen months at the making of the contract. *Held:*

1. That A. R. Collins had no power in the absence of facts that would give him sole control of the estate to make a contract that would bind the estate and bind the court under whose orders the estate should be administered.

2. Defendant could not pledge the course of administration and the orders of the court.

3. The plaintiff knew this, and both parties are presumed to know that public policy and the policy of the law were opposed to such a contract.

4. The tendency of the contract was illegal; it contemplated a violation of if not a fraud upon the estate and the court.

5. The trial court properly refused damages for the breach of the contract.

APPEAL from Wichita. Tried below before Hon. P. M. Stine.

H. Specht, the appellant, brought this suit in the District Court of Wichita County, September 24, 1888, against A. R. Collins, the appellee, for specific performance of an alleged contract on the part of Collins to sell and convey to him (the plaintiff) 3200 acres of school lands and in the alternative for damages for breach of the contract.

It is alleged in the petition, that on the 20th day of February, 1886, in consideration among other things of the purchase by plaintiff from defendant of certain lands the defendant entered into a written contract with plaintiff whereby he agreed to sell and convey to plaintiff certain other lands in Wichita County, being school lands filed upon in the name of H. D. Collins, deceased wife of A. R. Collins (describing them); that Collins agreed to execute to plaintiff a deed to the land as soon as

administration could be had upon the estate of his wife H. D. Collins, deceased; that plaintiff has had ample time to administer, and though plaintiff has demanded the deed, to-wit, on the 18th day of September, 1888, and offered to pay him the purchase money due, he has wholly failed, refused, etc.; that plaintiff has paid as a part of the purchase money the taxes due on the land for 1885, $84.48, and for 1886, $79.36; that plaintiff has always been ready and willing to perform his part of the contract. Prayer for judgment for the specific performance of the contract, and that defendant be required to make good and sufficient title to plaintiff, who is ready to pay the purchase money; but if it should appear that defendant can not make title or has sold the land, he prays for damages for the breach of the contract, the increased value of the land, laid at $10,000, the land having increased to $5 per acre. October 26, 1888, plaintiff took judgment by default for his damage with writ of inquiry. Upon execution of the writ judgment final was rendered for plaintiff for $164.84, and interest, the amount of taxes paid. Plaintiff appealed.

*Ashby S. James*, for appellant.

*S. S. Fears* and *Davis & Harris*, for appellee.

COLLARD, JUDGE, *Section A.*—Appellant assigns error as follows:
"1. The court erred in failing and refusing to allow plaintiff damages for defendant's breach of contract.

"2. The court erred in holding that there were no allegations in plaintiff's petition that would entitle plaintiff to prove any damages for said breach.

"3. The court erred in assuming that the breach of the contract occurred at any other time than that alleged in plaintiff's petition, and that said breach was not a continuing breach, and that there was no final breach on September 18, 1888, when plaintiff made final demand and defendant made final default."

There is nothing in the record to show upon what ground the court refused damages for the breach of the alleged contract other than the amount plaintiff had paid out for taxes on the land. If the conclusion of the court should be sustained upon any ground the judgment should stand. Assuming that the instrument offered in evidence was an agreement to convey the land, it should be held that it is such an agreement as could not be enforced in the courts. If it was intended to bind defendant it was contrary to public policy. It proposed to "give plaintiff the first right of purchase of the State school sections in Wichita County filed upon in the name of H. D. Collins as soon as administration is had upon said estate, said Specht to pay for said lands at the

rate of 50 cents per acre," etc.   H. D. Collins was the deceased wife of defendant.   She had been dead one and one-half years at the time the alleged contract was made.   It does not appear whether there were heirs to her estate other than her surviving husband, or whether there were debts against her estate.   There is nothing alleged in the petition or appearing in evidence to show that he (the defendant) could bind the estate by the supposed contract.   It does appear that he was not to act in the premises until after administration on the estate.   He had no power, in the absence of facts that would give him sole control of the estate, to make a contract that would bind the estate and bind the court under whose orders the estate should be administered.   He could not stipulate the terms of a sale to be made under the orders of the Probate Court.   He could not so contract for the court's action to grant an order of sale or to approve of it if it should be made according to the terms of his proposition, even if he should himself become the administrator.   The law fixes the manner of administration, the conditions authorizing sales of land; and when the sale is permitted by the law and ordered by the court the sale and its terms are subject to the approval or disapproval of the court.   All this process would necessarily have to be followed to effect a valid sale under administration.   Defendant could not contract for other methods of selling the estate unknown to the law and in violation of it.   If the alleged contract means anything it means that nothing can be done in performance of the same until after administration.   Defendant could not pledge the course of administration and the orders of the court.   Plaintiff knew this, and both the parties are presumed to know that public policy and the policy of the law were opposed to such a contract.   The tendency of the contract was illegal, and it contemplated a violation of, if not a fraud upon, the estate and the court.   Bish. on Con., secs. 473–477.

The petition upon its face may have been good, damages may have been proved as a result of the breach, the plaintiff might have realized considerable profit upon the enforcement of the contract or the voluntary performance of it by the defendant, but there were sufficient reasons to justify the court in refusing damages upon the ground that the contract was contrary to public policy, and therefore his judgment ought to be affirmed.

*Affirmed.*

Adopted May 26, 1891.