### J. DOUGHTY ET AL. V. JOE COTTRAUX ET AL.
#### No. 578.

1. **Vendor and Vendee—Case in Judgment.**—D. sold to C. a tract of land in which his minor son had a one-fourteenth interest, and by bond bound himself under a penalty of $1000 to institute a partition suit as soon as practicable, having for its object the acquisition of the minor's interest. Suit being instituted by D. on the purchase money notes, without performance of the obligation evidenced by the bond, and defendants having pleaded its nonperformance, and asked for a credit of $1000 on the debt, *Held,* that such bond evidenced a contract contrary to public policy, and which could not be enforced; that the contract of sale in substance indicates that C.

was not to pay the whole price unless he got all the land, and that he was entitled to a credit of one-fourteenth of the price of the land, to be credited as of the date of the sale, and D. was entitled to a foreclosure only on thirteen-fourteenths of the land.

2. **Warranty—Eviction.**—The defense being based upon an express agreement of D., the doctrine that a purchaser of land sold under warranty of title, with notice of defects in title, can not defend against the collection of the purchase money notes before eviction, but must rely upon his warranty, has no application here.

3. **Sale of Minor's Property—Estoppel on.**—That the guardian of the minor was a party to this suit seeking to recover upon the notes for the interest of his ward in the land, will not defeat the defense set up by C. Although a judgment in favor of the guardian in this suit might estop the minor from afterwards claiming the land, the law provides methods by which minors may be divested of title to their property, and the fact that by a judgment in favor of the guardian he would be divested of his title without the supervision of the Probate Court, is a good reason for denying it.

4. **Contract Contrary to Public Policy.**—The law contemplates that sales of a minor's property should not be made except when necessary for special purposes, through proceedings carefully devised for their protection, and so as to bring the largest price; and we incline to view as illegal and contrary to public policy the contract of the father with reference to his son's land in this case.

APPEAL from Aransas.    Tried below before Hon. S. F. GRIMES.

*W. H. Baldwin* and *McFarland, Elgin & McFarland,* for appellants.

1.   When a purchaser of land holds under a deed with a warranty, he can not resist the payment of the purchase money for defects in his title, unless he shows with reasonable certainty that the title has failed either in whole or in part, and that he has been evicted; and if no eviction has occurred, then that he is liable to eviction by a superior outstanding title of which he had no notice at the time of his purchase. Price v. Blount, 41 Texas, 472; Norris v. Ennis, 60 Texas, 84; Demarrett v. Bennett, 29 Texas, 267; Brock v. Southwick, 10 Texas, 65; Cooper v. Singleton, 19 Texas, 265; Johnson v. Long, 27 Texas, 22; Bryan v. Johnson, 39 Texas, 33.

2.   The legal operation of the penalty named in the bond, to wit, $1000, is not to create a forfeiture of the sum named, but is intended only to cover the actual damages occasioned by the breach of the conditions of the bond; and before appellees could introduce evidence, in a proper action, of the breach of the bond, or any fact that would tend to show the breach of the bond, they must allege defect of title, their want of notice thereof, the breach of the bond specifically, and their eviction, or its danger, by reason of a superior outstanding title. Price v. Blount, 41 Texas, 472; Norris v. Ennis, 60 Texas, 84; Demarrett v. Bennett, 29 Texas, 267; Brock v. Southwick, 10 Texas, 65; Cooper v. Singleton, 19 Texas, 265, 266; Johnson v. Long, 27 Texas, 22; Bryan v. Johnson, 39 Texas, 33.

3.   The court erred in rendering judgment for the defendant for the penalty denominated in the bond as ascertained damages.   The penalty named in the bond is not the measure of damages, and therefore not ascertained damages.   The measure in this case, upon proof of the breach of the bond and failure of the title complained of, would

be one-fourteenth of the value of the land in which the minor was interested at the date of the purchase, with interest.     Durst v. Swift, 11 Texas, 281; Sutton, v. Page, 4 Texas, 142; Hall v. York, 16 Texas, 23; 2 Suth. on Dam., p. 6.

*M. J. Hathaway* and *E. A. Stevens*, for appellees.—The court did not err in rendering judgment against plaintiffs for the amount of damages stipulated in the bond, because the burden was on the plaintiffs to show they had complied with the conditions therein, or that they offered to do so.

The bond of $1000 sued on by appellees in set-off of so much of appellants' claim, being agreed upon by the parties to it with full knowledge of all the facts, was intended to be the amount of damages in the event of failure to perform the conditions thereof, and is therefore stipulated damages, and not a penalty.     Indianola v. Railway, 56 Texas, 594; Yetter v. Hudson, 57 Texas, 604; Durst v. Swift, 11 Texas, 274.

WILLIAMS, ASSOCIATE JUSTICE.—Suit by appellants as heirs of J. M. Doughty, deceased, upon notes given by defendant Cottraux for part of the purchase money of land bought by him from Doughty and subsequently conveyed by Cottraux to the other defendants, they indorsing the notes and becoming liable for the debt. The defendants pleaded that J. M. Doughty, Sr., had sold to Cottraux, in addition to his own interest in the land, an undivided one-fourteenth which belonged to his minor son, J. M. Doughty, Jr., and had undertaken to institute at the next ensuing term of the court, or as soon as practicable, a suit for partition, having for its object the sale and acquisition of the minor's interest; and that, in order to secure the performance of this obligation, Doughty had executed to Cottraux his obligation in the sum of $1000, conditioned upon the performance of the undertaking; that the purchase money of the land, including the minor's part, was $7000, one-third of which was paid in cash, and for the remaining two-thirds of which the notes sued on were given. Breach of the bond of Doughty was charged, and there was a prayer for the rescission of the contract, and in the alternative, in case rescission be not allowed, for the amount of the bond. At the trial, after plaintiffs had introduced in evidence the notes sued on and the deed from Doughty to Cottraux, the bond of Doughty to Cottraux, substantially as pleaded, was read in evidence. No direct evidence of a breach of the bond was offered, but it appears that plaintiffs offered evidence to show reasons why Doughty and his heirs after his death had not complied with the undertaking, there being no contention either in the pleadings or evidence that either he or his heirs had performed the obligation assumed by the bond. The court rendered judgment for the amount of the notes, including attorneys' fees, for which they stipulated in the event

of suit, less the sum of $1000, the amount of the bond, which was allowed defendants as a credit.

The record does not show that any ruling upon the exceptions to the answer was made, and the first and second assignments of error can not be considered.

The proposition of appellants' counsel to the effect that a purchaser of land who has bought under a warranty deed with notice of defects in the title can not defend against the notes given for purchase money before eviction, but must pay them and rely upon the warranty, has no application to the case. The defense here is based upon the express agreement of the vendor, by which he agreed in a certain way, and as soon as practicable, to obtain for the vendee the outstanding title. No question as to the legality of this agreement has been made; and whether it could be *upheld* in its entirety or not, we think it evidences the intention of the parties that Cottraux was not to pay for the whole of the land unless he should obtain the minor's interest. The instruments are to be read together, and form the contract. It being virtually conceded in the pleadings of the plaintiffs and in the conduct of the trial that neither Doughty before his death, nor his heirs after his death, had caused the title of the one-fourteenth part which belonged to the minor to be vested in Cottraux, he was entitled to a proper deduction from the purchase money. The fact that the guardian of the minor was a party plaintiff to this suit, seeking judgment upon the notes for the purchase money of the interest of his ward in the land, should not, we think, be allowed to defeat the defense. The proposition, that a judgment rendered in favor of the guardian for the benefit of the minor for the purchase money would have estopped the latter from afterwards claiming the land, may be conceded for the purposes of the argument. It does not follow that a court ought to render such a judgment. The law provides the methods by which minors may be divested of title to their property.

If it be true that by such a judgment as appellants claim should have been rendered in this case the minor would have been deprived of his land without the supervision of the Probate Court, provided for that purpose, that fact was a good reason for denying the judgment. Guardians should not be allowed in this indirect way to pass away the title to the property of their wards. The fact that the guardian was a party to the suit was not, therefore, an answer to the defenses. The title was still in the minor, and not in the defendants; and if it be true that it was within the power of the court to pass it indirectly to defendants by a judgment which would estop the minor from afterwards asserting it, which we need not decide, it was entirely proper for the court to decline to render that judgment.

The exclusion of the evidence as to the reasons why Doughty during his life, and the guardian after his death, had not carried out the undertaking of the former in obtaining the title of the minor, was not error. In the first place, no such facts were pleaded, and could not

therefore have been properly considered by the court if admitted. Secondly, the plaintiffs were seeking a judgment for the purchase money of all the land, without having complied with the contract. The reasons why they had not done so were immaterial to the issue, when they still were not in a position to perform, and were not offering to do so, but were at the same time demanding complete performance on the part of the defendants.

Thirdly, we are strongly inclined to the view that Doughty's undertaking was illegal as against public policy, and could not lawfully have been carried out. It bound him, the father of the minor, and the person first entitled to the guardianship, to carry through some court a proceeding which should result in transferring to Cottraux the title to the minor's property. It was of course to the interest of both Cottraux and Doughty that the property when thus sold should not yield a greater price than that which Cottraux agreed to pay Doughty. The law contemplates that the sales of property of minors shall not be made except when necessary for specified purposes, through proceedings carefully devised for their protection; and that, when sold, it shall be made to bring the largest price that can be obtained. To uphold such contracts as that in question would tend to the defeat of the objects of the law and to the detriment of the minors' estates. Specht v. Collins, 81 Texas, 213.

If this be true, it was evidently beyond the power of the plaintiffs ever to convey to Cottraux or his vendees the title to the minor's property. Besides, three terms of the court elapsed before Doughty's death, and more than two years elapsed after the contract was made before this suit was brought.

But we think there was error in allowing the defendants the whole amount of the bond as stipulated damages. The sum named in the bond was a penalty, and was not agreed on as ascertained damages. If it were and it is true that the undertaking of Doughty was illegal, no recovery could be had by Cottraux for its breach. But as before stated, the contract in substance indicates that the $7000 was the price of the whole of the property, and that all of it was not to be paid, unless all of it should be obtained. The deduction to which defendants are entitled is one-fourteenth of the purchase price, or $500.

The judgment will be reversed and here rendered for plaintiffs for the amount of the notes, with 10 per cent attorneys' fees, less that sum to be deducted, as of the date of the sale, and for a foreclosure of the lien on thirteen-fourteenths of the land.

*Reversed and rendered.*

Delivered September 20, 1894.