**MOORE et al. v. LUMBERMEN'S RECIPRO-CAL. ASS'N. (No. 432–3863.)**

(Commission of Appeals of Texas, Section B. May 21, 1924.)

1. **Descent and distribution ⬅89—Generally heirs cannot sue without alleging and proving that there is no administration and no necessity for one.**

Generally heirs cannot sue without alleging and proving that there is no administration on the estate and no necessity for one.

2. **Master and servant ⬅388 — Heirs of deceased beneficiary entitled to compensation, may obtain judgment for portions of award without proving no administration.**

Heirs of deceased beneficiary, entitled to compensation under Employers' Liability Act (Vernon's Ann. Civ. St. Supp. 1918, art. 5246—1 et seq.), were entitled to judgment awarding certain portions of the compensation to heirs and certain portions to attorneys, under section 7d, pt. 1 (article 5246—13), without proving that there was no administration and no necessity therefor, since, under sections 8, 8a (articles 5246—14, 5246—15), compensation was not liable for beneficiary's debts, and therefore the creditors of her estate were not deprived of any rights by such judgment without administration.

3. **Evidence ⬅29 — Provisions of Employers' Liability Act judicially known.**

The court judicially knows the provisions of the Employers' Liability Act (Vernon's Ann. Civ. St. Supp. 1918, art. 5246—1 et seq.).

Error to Court of Civil Appeals of Ninth Supreme Judicial District.

Suit by the Lumbermen's Reciprocal Association against Mrs. Alice Moore and others to set aside an award of the Industrial Accident Board, in which the defendants prayed for judgment on behalf of themselves. Judgment setting aside award and giving defendants insufficient relief was affirmed by the Court of Civil Appeals (241 S. W. 1105), and defendants bring error. Reversed and rendered (correcting judgment rendered on a former opinion in 258 S. W. 1051).

Morris & Barnes, of Beaumont, and Coe & Combs, of Kountze, for plaintiffs in error.

Andrews, Streetman, Logue & Mobley, of Houston, for defendant in error.

HAMILTON, J. The judgment heretofore entered in this case merely denied the relief asked in defendant in error's petition, in which it sought to set aside the award of the Industrial Accident Board. Plaintiffs in error pleaded fully, not only in reply to defendant in error's petition, but also pleaded and prayed judgment on behalf of themselves as heirs of Minnie Sanders.

Plaintiffs in error have filed a motion to correct that judgment, praying that judgment be rendered awarding one-third of the total award of the Accident Board to Ed L. Moore, one-third of that award to Alice Moore, one-sixth to Coe & Combs, attorneys for Ed L. Moore, and one-sixth to Morris & Barnes, attorneys for Alice Moore, with interest at 6 per cent. per annum from the several due dates until paid.

Section 7d (Vernon's Ann. Civ. St. Supp. 1918, art. 5246—13), of the Employers' Liability Act, as amended and effective June 12, 1921, provides:

"For representing the interest of any claimant in any manner carried from the board into the courts, it shall be lawful for the attorneys representing such interest to contract with any of the beneficiaries under this act for an attorney's fee for such representation, not to exceed one-third (⅓) of the amount recovered. such fee for services so rendered to be fixed and allowed by the trial court in which such matter may be heard and determined."

Defendants below, plaintiffs in error, pleaded that they had employed Morris & Barnes, a firm composed of J. B. Morris and J. A. Barnes, to represent the defendant Alice Moore, and Coe & Combs, a firm composed of Thomas B. Coe and J. M. Combs, to represent Ed L. Moore, and "had contracted to pay them the fees prescribed by statute in such cases," and that "said attorneys are entitled to one-third of the amount recovered by defendants." An inspection of the statement of facts reveals that it was agreed that—

"Defendant Mrs. Alice Moore has employed as her attorneys the law partnership of Collins, Morris & Barnes, composed of V. A. Collins, J. B. Morris, and J. A. Barnes, and has agreed to pay them ⅓ of any recovery that she may obtain in this case."

And that:

"Defendant Ed L. Moore has employed as his attorneys Coe & Combs, a law partnership composed of Thomas B. Coe and J. M. Combs, and has agreed to pay them ⅓ of any recovery that he may obtain in this case."

Defendant in error has filed a reply to the motion, contending that judgment cannot be rendered in favor of plaintiffs in error, "because heirs cannot sue without alleging and proving that there was no administration and no necessity therefor."

[1] It is undoubtedly true that it is the general rule that heirs cannot sue without alleging and proving that there is no administration upon the estate, and that there is no necessity for one. Cochran v. Thompson, 18 Tex. 652; Patton v. Gregory, 21 Tex. 513; Sanders v. Devereux, 25 Tex. Supp. 1; Giddings v. Steele, 28 Tex. 733, 91 Am. Dec. 336; Webster v. Willis, 56 Tex. 468; Fort v. Fitts, 66 Tex. 593, 1 S. W. 563; Richardson v. Vaughan, 86 Tex. 93, 23 S. W. 640; Laas v. Seidel, 95 Tex. 442, 67 S. W. 1015; Faulkner v. Reed (Tex. Com. App.) 241 S. W. 1092.

There are various exceptions to this rule noted in some of the cases just cited. This case possibly does not come within any of those exceptions, but it is an exception to the general rule by virtue of the terms of the Employers' Liability Act. The general rule is grounded primarily on the necessity for the protection of creditors of the deceased. The heirs of one dying intestate are at once entitled to the possession and enjoyment of his estate incumbered by the debts of deceased. The administration is allowed in order to protect the rights and interest of creditors. If no debts exist against the estate, there is no necessity for administration, and the probate court has no jurisdiction to open one. In such state of facts the heirs can maintain any suit in the courts which the deceased person might have maintained.

[2, 3] Section 8a of the Employers' Liability Act (Vernon's Ann. Civ. St. Supp. 1918, art. 5246—15), referring to compensation provided for death of the employees under section 8 of the act (Vernon's Ann. Civ. St. Supp. 1918, art. 5246—14), says:

"* * * The amount recovered thereunder shall not be liable for the debts of the deceased nor for the debts of the beneficiary or beneficiaries." * * *

This provision creates the exception into which this case falls. Minnie Sanders was the beneficiary in this case. Therefore, under section 8a, supra, none of the compensation recovered was liable for the debts of her estate. The suit involved no part of her estate that was liable for any of the debts of her estate. This the court judicially knew. Hence there was no necessity for alleging and proving that there was no administration on the estate and no necessity therefor. The creditors of her estate could not be deprived of any rights in the property of her estate by this suit of her heirs, because those creditors, if any, never had any right to any of the property involved in the suit. The heirs had a right to bring the cross-action and to recover the award of the Accident Board.

Therefore we recommend that the motion be granted, and that the judgment heretofore entered be set aside, and that judgment be entered that the award of the Industrial Accident Board be not set aside, and that plaintiffs in error recover of the Lumbermen's Reciprocal Association the sum of $3,910.82, payable weekly, beginning on the 29th day of December, A. D. 1919, and payable $5.64 per week for 27 weeks, up to and including July 6, 1920, and thereafter payable $11.27 per week until the remaining 333 weekly installments are paid, together with interest thereon at the rate of 6 per cent. per annum from the date at which the several installments become due until same

are paid, and that of such recovery one-sixth be paid to Morris & Barnes as attorney's fees; that one-sixth thereof be paid to Coe & Combs as attorney's fees, and that one-third thereof be paid to each of plaintiffs in error Alice Moore and Ed L. Moore; and that defendant in error pay all costs.

CURETON, C. J. Judgment of February 27, 1924, vacated, and judgment rendered for plaintiffs in error, as recommended by Commission of Appeals.