## CENTRAL TEXAS MUT. LIFE ASS'N v. BEATY et al. (No. 813.)

Court of Civil Appeals of Texas. Waco. June 6, 1929.

Rehearing Denied Oct. 24, 1929.

Collins & Martin, of Hillsboro, for appellant.

Frazier & Averitte, of Hillsboro, for appellees.

GALLAGHER, C. J. Appellant, Central Texas Mutual Life Association, prosecutes this appeal from a judgment against it in favor of appellees, Mayme C. Beaty, Alinel Beaty, Billy Horace Beaty, and Jane Marie Beaty, on a certificate of membership issued by appellant to Horace R. Beaty, deceased. The trial was before the court upon an agreed statement of facts. Appellant is operating as an unincorporated mutual aid association. Horace R. Beaty, on December 24, 1924, held a membership certificate issued to him by appellant and was in good standing therein at that time. Said certificate provided that in event of the death of said member while in good standing, appellant should pay to appellee Mayme C. Beaty (wife) the sum of $1 for each member in good standing in his class at the time of his death, not to exceed the sum of $1,000. It also provided that in event said member, while in good standing, became totally and permanently disabled, said association should pay to him $1 for each member in good standing in his class, not to exceed $1,000 in the aggregate, upon surrender of his certificate, which should then become void and of no further effect. Said certificate contained a provision making the constitution and by-laws of the association a part thereof. Neither of said instruments nor copies thereof were attached to said certificate, and there is no evidence that the contents thereof were known to said member. Said constitution provided, in substance, that when a member became totally and permanently disabled he should be paid $1 for each member in good standing in the class to which he belonged, but further provided that any amount paid under such disability clause should be paid only to such disabled member and that in no instance should his estate or heirs at law have any claim against the association by reason of

such disability. The by-laws provided, in substance, that the secretary, upon receiving proofs of such disability of a member, should examine the same, and if such member was at the time of his disability in good standing, he should issue the check of the association against the mortuary or disability fund, have the same signed by the proper officers, and pay such claim therewith, taking proper receipts and acquittances therefor. Said Horace R. Beaty on December 24, 1924, became totally and permanently disabled, and so continued until his death, which occurred November 26, 1925. At the time of such disability there were more than 1,000 members in good standing in his class. He never made any claim against appellant on account of such disability. He did not pay the next assessment, which was levied on December 29, 1924. Neither did he pay another assessment levied some time in January, 1925. He was declared suspended by appellant on February 14, 1925. Said Horace R. Beaty died intestate. There was no administration on his estate and no necessity therefor. Appellee Mrs. Mayme C. Beaty is his surviving wife, and the other appellees are his minor children and the only heirs at law of his interest in the community estate. They sued as such for said unpaid disability benefit which accrued to said Horace R. Beaty on December 24, 1924.

The court rendered judgment in favor of appellees against appellant for the sum of $1,000. Appellees recovered said judgment as surviving wife and heirs at law, respectively, of said Horace R. Beaty, deceased. Five hundred dollars of said recovery is by the terms of the judgment apportioned to Mrs. Mayme C. Beaty and the remainder thereof is apportioned equally among the other three appellees.

### Opinion.

Appellant presents a group of propositions in which it contends that its liability on the certificate sued on terminated on the death of Horace R. Beaty, the holder thereof, under and by virtue of the provisions of its constitution that disability benefits should be paid only to the disabled member and that neither his estate nor his heirs should have any claim against it therefor in event of the death of such member before such benefit was actually paid to him. The rule in this state, as elsewhere, is that benefits accruing under certificates of membership in mutual aid or benefit associations vest in the beneficiary entitled thereto on accrual and pass at the death of such beneficiary to his legal representatives or heirs. Brotherhood of Railway Trainmen v. Dee, 101 Tex. 597, 603, 111 S. W. 396, 399; Knights of Maccabees v. Patton, 179 Ky. 410, 200 S. W. 614; 19 R. C. L. p. 1309, § 99, and authorities cited in notes 20 and 1 on said page; 45 C. J. p. 247, § 191, and notes 96 and 97. Even under the provisions of our Workmen's Compensation Act (Rev. St. 1925, arts. 8306–8309), declaring that the compensation therein provided for the death of an employee shall be for the sole benefit of the beneficiaries named therein, the right to such compensation vests in such statutory beneficiaries on such death and passes on the death of such beneficiaries to their heirs or legatees. Moore v. Lumbermen's Reciprocal Ass'n (Tex. Com. App.) 258 S. W. 1051, 1052–1056; Id. (Com. App.) 262 S. W. 472; Texas Employers' Ins. Ass'n v. McDonnell (Tex. Civ. App.) 278 S. W. 294. 296.

The controlling issue is therefore whether the constitutional provision aforesaid was valid and effective on the death of said Beaty to divest his estate and his heirs at law of the right to demand, receive, and recover such unpaid benefit. Said constitutional provision, while made by the terms of the certificate a part thereof, is a limitation on the express terms of such certificate promising the payment of a disability benefit, and is in the nature of a clause of defeasance attempting to impose a forfeiture of the right to such benefit in all cases where payment has not been actually made prior to the death of the disabled member. As such it must be strictly construed in favor of the insured and against the association and its validity determined by its effect when given such application. A provision in the constitution of a mutual benefit association which is contrary to law or public policy does not constitute an enforceable part of the contract between the association and the member holding such certificate, and is ineffective to defeat a recovery on such certificate according to its terms. 45 C. J. p. 31, and authorities cited in notes; 29 R. C. L. pp. 1191, 1192; Brown v. Stoerkel, 74 Mich. 269, 41 N. W. 921, 923 (bottom first column), 3 L. R. A. 430. See, also, note to the case of Austin v. Searing, 16 N. Y. 112, 69 Am. Dec. 665, 672.

Appellee insists that the provision of appellant's constitution here under consideration is not only contrary to public policy, but also to the provisions of the statute law of this state. The deceased, upon his sustaining total and permanent disability, became entitled at once to demand and receive the benefit promised by the express terms of his certificate. Appellant did not see fit to incorporate in its contract a provision requiring notice of such disability nor a demand for payment of such benefit within any particular time after such disability occurred. There was no condition precedent to be complied with by the deceased before his right to such benefit accrued and vested. The obligation and duty of appellant, upon proof of such disability, to pay such benefit arose at once on the happening of such disability. The purpose of the holder in procuring a certificate containing such provision and conferring such right is manifest. That the association should in such cases promptly comply with

838

its promise is equally apparent. The vice in said provision from the standpoint of public policy is that it constitutes in itself an inducement to the association to fail or refuse to comply with its promise of payment and to contest and delay the enforcement thereof, however meritorious the claim for such benefit may be and however urgent the member's need therefor. For, if it can by virtue of such provision delay payment of such benefit until the disabled member dies, it is by such death alone immediately and absolutely absolved from liability on account thereof. The recognition and enforcement of such provision would enable the association to take advantage of its own wrong and to make its own breach of its contract result in many cases in discharging it from the obligation imposed thereby. We have hereinbefore cited authorities from this state and elsewhere showing that the right to such disability benefit had vested in the deceased prior to his death. Our statutes of descent and distribution provide, in substance, that where the husband dies intestate leaving a surviving wife and a child or children, the community property shall pass one half to the wife and the other half to such child or children. Rev. St. 1925, art. 2578. Our probate statutes provide that whenever a person dies intestate all his estate shall vest immediately in his heirs at law. Rev. St. 1925, art. 3314. Our statutes on wills provide the formalities and solemnities which must be observed when a man attempts to control the disposition after his death of property vested in him at that time. Rev. St. 1925, art. 8281 et seq. We think the effect of said provision of appellant's constitution is to contravene the statute laws of this state. Since questions of public policy and contravention of law are more or less blended in the reports of the adjudicated cases, we will not attempt to cite the cases bearing upon each separately. While we have found no case involving the particular provision under discussion, we think it is controlled by the principles announced and applied in the authorities hereinbefore cited and in the following cases: Sovereign Camp W. O. W. v. Boden, 117 Tex. 229, 1 S.W.(2d) 256, 258, par. 4; Sovereign Camp W. O. W. v. Piper (Tex. Civ. App.) 222 S. W. 649, 651, 652, par. 3; Supreme Ruling of Fraternal Mystic Circle v. Hoskins (Tex. Civ. App.) 171 S. W. 812, 813, 814, par. 1; Supreme Lodge v. Wilson (Tex. Civ. App.) 204 S. W. 891, 894, par. 1; Sovereign Camp W. O. W. v. Robinson (Tex. Civ. App.) 187 S. W. 215, 218, pars. 2, 3 and 4; The Maccabees v. Johnson (Tex. Civ. App.) 273 S. W. 612, 613, par. 1; Modern Brotherhood v. Bailey, 50 Okl. 54, 150 P. 673, 676, par. 2, L. R. A. 1916A, 551, Ann. Cas. 1918E, 744; Bennett v. Modern Woodmen of America, 52 Cal. App. 581, 199 P. 343, 345, par. 2; Samberg v. Knights of the Modern Maccabees, 158 Mich. 568, 123 N. W. 25, 133 Am. St. Rep.

396; Holman v. Modern Woodmen of America (Mo. App.) 243 S. W. 250, 251, par. 1; McMahon v. Supreme Tent Knights of the Maccabees, 151 Mo. 522, 52 S. W. 384; McCormick v. W. O. W., 57 Cal. App. 568, 207 P. 943, 944, pars. 1-3; Cobble v. Royal Neighbors, 291 Mo. 125, 236 S. W. 306, 308, par. 3, and authorities there cited, 21 A. L. R. 1346. See generally on the subject of contracts in contravention of law or public policy: G. C. & S. F. Ry. Co. v. Hume, 87 Tex. 211, 27 S. W. 110; International Travelers Ass'n v. Branum, 109 Tex. 543, 212 S. W. 630, 632, par. 1; Royal Fraternal Union v. Stahl (Tex. Civ. App.) 126 S. W. 920, 922; Luckett v. Townsend, 3 Tex. 119, 131, 49 Am. Dec. 723; Specht v. Collins, 81 Tex. 213, 215, 16 S. W. 934; Texas Loan Agency v. Dingee, 33 Tex. Civ. App. 118, 75 S. W. 866, 868; McDavid v. Phillips, 100 Tex. 73, 77, 94 S. W. 1131; National Bank of El Paso v. Fink, 86 Tex. 303, 24 S. W. 256, 40 Am. St. Rep. 833; Federal Life Ins. Co. v. Sweeney (Tex. Civ. App.) 18 S.W.(2d) 702.

The judgment of the trial court is affirmed.