### NATIONAL BENEV. SOC. v. PRICE et al.
### No. 3890.

Court of Civil Appeals of Texas. Texarkana.

Oct. 30, 1930.

Arnold & Arnold, of Texarkana, Ark., and H. H. Taylor, of Texarkana, Tex., for appellant.

Wm. V. Brown, of Texarkana, Tex., for appellees.

LEVY, J.

Richard Price held a valid benefit certificate in the appellant society, which was a benevolent society providing payment of money for "death, sickness or accident, occurring while in full standing as a member, viz.:

"First. Having been named as beneficiary, Mattie M. Price, wife, shall be paid upon the death of the above member, resulting from sickness or accident originating after he has actually received and accepted this certificate of membership and occurring within its terms, —after two years, Seventy-five dollars, or

"Second. If taken with sickness that begins after sixty days from the date of this certificate, the member, if a man, shall be paid at the rate of Forty Dollars per month during the time the member is continuously confined in bed, after the first five days.

"Third. If immediately and totally disabled through an accident, etc."

On April 26, 1927, Richard Price was taken sick. He died August 26, 1927. On June 28, 1928, the death benefit provided in the certificate amounting to $75 was paid in full to the beneficiary, Mattie M. Price. Claiming that the society was also due to pay sick benefits under the terms of the certificate, Mrs. Mattie M. Price, in her individual capacity and as next friend of her minor children, brought the present suit for $160, being the amount of sick benefits at $40 a month for four months. The appellant filed a demurrer, special exceptions, and general denial. In a trial before the court without a jury, judgment was entered for the appellee for the four months'

sick benefits. The evidence in the case is without conflict. The following evidence was offered in behalf of the appellee. Mrs. Price testified: "Richard Price was sick continually for four months prior to his death during which time he was in bed most of the time, and just able to sit up and walk around the house a little part of the time during this four months." The attending physician's report of sickness was sent in to the society on May 6, 1927, which stated as far as material, viz.:

"Report of examination of: Richard Price of Nash, Texas.

"His age: Forty-one years.

"When injured or taken sick: April 26, 1927.

"If sickness, give symptoms, name of disease fully: general dropsy, general swelling, heart palpitations, dizziness.

"Disease acute: No. Chronic: Yes.

"What part of his work is member able to attend to: None.

"Is he confined to bed: Yes.

"Date he did get up: Did not get up except for labored breathing.

"Date he will get up: Indefinite.

"When will member probably be able to attend to any part of his work: Indefinite."

After the death of Richard Price, and on May 5, 1928, the following proof of attending physician was sent to the society, viz.:

"How long have you been his medical adviser: Ten years.

"Did you attend him professionally for last sickness: Yes.

"Give diagnosis in full (include local and constitutional symptoms): Swelling, large quantity of urine, irritable and irregular heart.

"Complications: Influenza.

"Give date and place of your first professional visit to him during final sickness. Place: Nash, Texas. Date of your last visit: August 25, 1927.

"Date of death: August 26, 1927.

"Age at time of death: Fifty-one years.

"How many times did you visit him: Nine.

"How many days was the claimant confined to the house during the entire interval between your first and last visits: Entire time.

"How many days was he confined continuously to his bed while you were attending him: About fourteen days."

The appellant offered in evidence the following portions of the certificate:

"These benefits do not cover the following disabilities or their results, viz:—paralysis, diseases of the heart or its organs, tubercu-

losis, venereal diseases, insanity, intoxication, or fighting."

The by-laws provided:

"Section 115. In the event of accident or sick benefits pending and unpaid to a member who shall die before such payments shall be made to him whether or not said death was result of said accident or sickness, his beneficiary, dependents, heirs or legal representatives, shall not have the right to claim or be entitled to be paid or recover any sickness or accident benefits under said certificate whatsoever, the intent and meaning of sickness or accident benefits being that sickness or accident benefits shall be paid to the member only, during his lifetime.

"Section 116. Accident or sick benefits due under a certificate shall be payable only to the member direct and personally and to no other person whatsoever."

The appellee offered in evidence a letter addressed to her by the claim clerk of the appellant, in which was recited that a claim was pending for sick benefits, but stating that "it is necessary that we have proof in order to pay benefits to a member if they are due them."

■■ The appellant insists by the first assignment of error that the insured died as the result of sickness and the society was not liable under the terms of the certificate for both a sick benefit and a death benefit. Having indemnity for its object, the certificate of insurance is to be construed liberally to that end. The insured was sick for several months with dropsy, and upon the complications of influenza, he died. In the facts the certificate allowed the two distinct benefits, of sickness and of death.

■ By the second assignment of error it is urged that the appellee was not entitled to recover any sick benefits in view of section 116 of the by-laws of the society. The insured was taken sick April 26, 1927, and continued to be sick for substantially four months until complications caused his death. It is believed that the ruling made in the case of Central Texas Mut. Life Ass'n v. Beaty (Tex. Civ. App.) 20 S.W.(2d) 836, is entirely applicable to the point made in the present appeal.

■ By the third assignment of error it is urged that the certificate by its terms exclude "chronic diseases" and that "dropsy" is a chronic disease. As to whether or not dropsy, as the insured was affected with it, was a chronic disease such as the policy excluded, became a question of fact. The only evidence was such as was found in the report of the doctor. This report was made May 6, 1927, after the insured was "taken sick on April 26, 1927." The court was authorized to conclude that the doctor, in his report, intended to use the word "chronic" as meaning mild as to intensity and as opposed to "acute." As may be seen from that report, the insured had been sick at the date of the report about ten days only.

■ The fourth assignment of error presents the point that the evidence does not show that the insured was "continuously confined in bed" for the period of four months, and therefore the recovery for four months sick benefits was unauthorized. The evident purpose of the certificate, construed as a whole, was to indemnify the member for loss occasioned through illness by providing for the payment to him of certain benefits while incapacitated for performing labor. In that view, it is sufficient that the sickness of the insured substantially confined him to bed. Home Protective Ass'n v. Williams, 151 Ky. 146, 151 S. W. 361, Ann. Cas. 1915A, 260; Hays v. General Assembly American Benev. Ass'n, 127 Mo. App. 195, 104 S. W. 1141. There was evidence to support the trial court's finding in this respect.

■ By the fifth assignment of error it is claimed that the notice of claim for sick benefits was not given as required by the terms of the policy. There was some evidence going to show notice to the company of the claim for sick benefits. The point made must be overruled, because there was no pleading setting up the failure of any policy requirement on the part of the plaintiff or insured.

The judgment is affirmed.