**SPILLMAN et ux. v. HIBLER et ux.**

No. 2841.

Court of Civil Appeals of Texas. El Paso.
June 1, 1933.

Geo. Q. Youngblood, of Dallas, for appellant.

Clint & Eades, of Dallas, for appellee.

WALTHALL, Justice.

Prior to September 2, 1931, appellants, Euclid Spillman and wife, owned the property in controversy in this suit. At that time there was a lien indebtedness outstanding against said property in the principal sum of $1,650, with about two years of accrued interest and about two years delinquent taxes. Appellants, Spillman and wife, executed and delivered to appellees, Hibler and wife, a general warranty deed conveying to them the property in question, the consideration recited being $10 and other valuable considerations, and the assumption of the indebtedness against said property, including the accrued interest and delinquent taxes due thereon.

On the same date, and as a part of the same transaction, appellants and appellees executed and delivered an instrument in words and figures as follows:

"The State of Texas County of Dallas

"In consideration of the premises and the conveyance by Euclid Spillman and Kate L. Spillman to V. N. Hibler and Lula B. Hibler, of Lot No. 2, in Block 13, of Lakeview Addition to the City of Dallas, Texas, it is agreed by the parties hereto as follows:

"The said Euclid Spillman and wife shall have the right to redeem said property at any time on or before September 2, 1932, provided the said V. N. Hibler and Lula B. Hibler shall receive at such time all moneys expended in the way of taxes, insurance premiums, payment of lien indebtedness, principal and interest, cost of repairs, and any and all other moneys expended upon or in connection with said property, together with eight per cent interest from the date of such payment, and also $100.00, said money to be paid as follows:

"It is further agreed that said property may be redeemed within the aforesaid time by the payment to the said V. N. Hibler and Lula B. Hibler of the sum of $1000.00 and the execution of a first lien note for the balance due to the said V. N. Hibler and Lula B. Hibler, upon said property.

"It is further agreed by the said Euclid Spillman and wife that they will give possession of said property and premises to the said V. N. Hibler and Lula B. Hibler, on or before 30 days from the date hereof, and should said parties remain in possession of said premises after said date, they shall account for rent on said property and premises at the rate of $20.00 per month."

The instrument was signed in duplicate by all of the parties. The date is left blank but other parts of the record show its date to be the 2d of September, 1931.

On January 15, 1932, appellants filed this suit to have said deed set aside as a conveyance, and prayed that no liens or other charges be fixed as against said property by reason of said deed; they also pray for damages, stating same, and for relief, general and special.

Appellants allege title in themselves to the property; that the property was their homestead and at all times was used and occupied as such; the petition describes the property and states its value; alleges that on and prior to September 2, 1931, there was an indebtedness in the principal sum of $1,650 existing against said property as evidenced by a recorded deed of trust executed by appellants on December 2, 1926, to secure a certain promissory note described in said deed of trust, the due date of the said indebtedness was five years after date with interest from date.

The third paragraph of the petition then undertakes to state the cause of appellant's failure to meet the payments due and taxes on said property, and make statements as to some matters as to appellees, their promises, etc., not embraced in the above stated contract of September 2, 1931, and not stated as an inducement to the execution of said contract and which matters seem wholly immaterial.

The petition then states the execution by appellants of the warranty deed of September 2, 1931, to appellees, and undertakes to state facts in avoidance of said recorded warranty deed, in substance, to the effect that appellees fraudulently induced appellants to an attorney's office and induced them to sign the instrument which was in fact the warranty deed but which, when signed, was in blank and purported to be an instrument incorporating the terms and conditions of an extension and renewal of the said note and deed of trust, and conveying the legal title to appellees; that the deed recites the payment to appellants of $10 and the assumption by appellees and promise to pay and discharge said note and the taxes on said property; that said $10 was not paid nor said note and lien paid nor discharged and that by reason thereof the consideration for the deed has wholly failed and has become of no effect, but that in the event of the payment and discharge of said note and deed of trust the legal effect would be the creation of an indebtedness of such amount and the fixing of a lien securing

same according to its terms stated; that appellants did not surrender possession of said property; that surrender of possession was never contemplated or demanded until after the execution and delivery of said instrument; that appellants were induced to execute said instrument by false and fraudulent representations in that the agreement was only to be instrumental to extend said note and deed of trust, and was procured by duress by reason of appellant's great financial distress and misapprehension of the facts, and not knowing the legal effect of their acts. Appellants filed a trial amendment alleging in effect that the wife's acknowledgment was not taken at the time of the execution of said instrument and that in taking her acknowledgment she was not examined separate and apart from her said husband.

Appellees answered by general demurrer and special exceptions, general denial and by cross-action, in substance, that appellees are the owners of the property in controversy by reason of said warranty deed of September, 1931; that said deed is of record; then pleaded in form of trespass to try title, that on January 15, 1932 (the date of the filing of the suit), they were in peaceable possession; that they were dispossessed by appellants who are unlawfully withholding from them the possession thereof to their damage, stating same; that the rental value is $20 per month; they pray for title and damage.

At the conclusion of the evidence appellants submitted a number of special issues and requested that they be submitted to the jury for the jury's findings thereon; the court refused to submit such special requested instructions and instructed a verdict in favor of appellees on their cross-action "for title and possession of the property involved herein, subject to the rights of plaintiffs under a contract between plaintiffs and defendants dated September 2, 1931," and which verdict the jury returned as instructed.

On appellees' motion the court, on May 19, 1932, entered judgment in their favor on their cross-action as indicated by the jury's verdict; that appellants take nothing by their suit; that appellees recover on their cross-action, subject to the terms and provisions of said contract of September 2, 1931.

The contract is not set out in the judgment.

The court overruled appellants' motion for a new trial and appellants prosecute this appeal.

### Opinion.

Appellants submit error in the court's action in directing a verdict against them.

The contention made is to the effect that the court had overruled appellees' general demurrer and special exceptions, heard the evidence on the issues made by the pleadings, and that the evidence offered by appellants on the matters pleaded by appellants was such as to require the submission to the jury of the requested and tendered special charges.

■ We have, in the statement of the case, briefly indicated the matters pleaded by appellants in their dealings with appellees prior to and leading up to the agreement of September 2, 1932, and upon which matters the court heard evidence. The evidence shows that Mr. Spillman and Mrs. Hibler are brother and sister; that Spillman and wife were indebted as alleged and were wholly unable to meet and discharge any of it; that their financial condition was known to Mr. and Mrs. Hibler who talked the matters over with appellants, made efforts to assist them, but there is no evidence of any fraud or fraudulent representations or overreaching on the part of appellees, and nothing, of a cause of action or defensive on that part of the case to submit to the jury. Again, no consideration is shown for any promises, if any were shown. Again, all of the matters complained of were prior to, led up to, and were merged into the deed and contract of September 2, 1931, and upon which the court entered judgment.

We think the court was not in error in not submitting the matters in controversy, though pleaded and upon which evidence was heard, which occurred prior to the time of the execution of the deed and contract.

■■ Appellants submit that they pleaded and offered evidence tending to show that the warranty deed, offered in evidence, was signed by them in blank, and that the deed was not explained to Mrs. Spillman and her acknowledgment to it was not taken separate and apart from her husband, and that the $10 recited as part consideration for the deed was not paid, nor the other considerations performed and that whether such were the facts or were not was an issue for the jury, and that it was error to refuse their requested special charges submitting those issues.

The warranty deed and the contract of September 2, 1931, being parts of the one transaction, they must be taken and construed together. The court properly construed the warranty deed as a conveyance of the property conditioned on the performance by appellants and appellees alike of the contract.

■ The uncontroverted evidence, as we view it, having shown that appellants and appellees executed the contract of September 2, 1931, and which instrument unequivocally recites the conveyance by appellants to appellees, and the terms therein set forth upon which said property would be reconveyed to appellants, appellants would be estopped from denying the making of said deed and contract except on the ground of fraud, accident, or mutual mistake.

Appellants do not allege accident or mistake but say they were induced to sign and execute said instrument, "the warranty deed, by false and fraudulent representations in that the agreement was only to be instrumental to extend said note and deed of trust lien under the conditions and according to the terms herein set forth." Appellants do not undertake to allege in what the "false and fraudulent representations" consisted. The terms and conditions upon which the deed was to be effective is stated in the contract, which is in no way attacked. The construction of the contract then becomes a matter of law, and by the judgment of the court appellants could then perform the contract and defeat the effect of the deed, as a conveyance of the property. Certainly appellants would not be entitled to a cancellation of the deed except upon an offer to perform the contract. They do not offer to perform the contract. In view of the record the judgment properly refused appellants a cancellation of the deed. A discharge of the deed of trust and the tax lien on the part of appellees is all that is necessary to perfect title in them on their cross-action. That, however, is a matter of which appellants cannot complain.

We have concluded that no error is shown in the judgment entered.

The case is affirmed.