## BACLE et al. v. PICKENS et al.

### No. 4543.

Court of Civil Appeals of Texas. Texarkana.

Nov. 29, 1934.

Rehearing Denied Dec. 13, 1934.

Banks & McLemore, M. Neal Smith, and Thos. Y. Banks, all of Longview, and Banks & Banks, of Houston, for appellants.

Wynne & Wynne, of Longview, for appellees.

JOHNSON, Chief Justice (after stating the case as above).

By appropriate assignments of error appellants contend that under the uncontradicted evidence their motion for judgment non obstante veredicto should have been sustained, and that under no theory of the case were appellees entitled to judgment. If a directed verdict in favor of appellees would have been proper in the first instance, their motion for judgment notwithstanding the findings of the jury should have been sustained, and judgment entered for appellants. R. S. art. 2211, as amended by Acts of 1931, 42d Leg., c. 77, § 1, p. 119 (Vernon's Ann. Civ. St. art. 2211).

The deed in question, though on its face regular in form of a conveyance, is to be construed in connection with the written agreement (above quoted) of the parties evidencing the conditions of defeasance under which the deed was executed. The two instruments are shown to evidence parts of the same transaction and are to be construed together as one instrument. 10 Tex. Jur. § 166, p. 286; Spillman v. Hibler (Tex. Civ. App.) 60 S.W.(2d) 1103. When this is done it clearly appears to have been the purpose and intention of the parties in executing the deed that it should operate as security for the performance of Mrs. Bacle's obligations expressed: To be appointed guardian of her minor children, and to execute a guardian's lease on their one-half interest in the land to appellees for a primary term of ten years at the price of $22.50 per acre; that to so pledge as security the one-fourth mineral interest of Mrs. Bacle in the property was the admitted testimony of the parties, grantee as well as grantors. Not being intended as bona fide transfer of the property, as on its face the deed purported to convey, it may be classified, in the language of the Constitution "a pretended sale," involving conditions of defeasance to operate as a pledge, securing performance of Mrs. Bacle's obligations ex-

pressed in the written agreement under which it was executed. Where the deed is shown to have been executed as security for debt or the performance of some other obligation, equity disregards the form of the instrument and looks to the intention of the parties in its execution, and construes it to be a mortgage. Sammons v. Brunson (Tex. Civ. App.) 25 S.W.(2d) 685. In the instant case, it is further admitted that the one-fourth mineral interest so pledged as security by the deed is homestead property of Mrs. Bacle. Article 16, § 50, of the present Constitution of Texas, provides: " * * * No mortgage, trust deed, or other lien on the homestead shall ever be valid, except for the purchase money therefor, or improvements made thereon, as hereinbefore provided, whether such mortgage, or trust deed, or other lien, shall have been created by the husband alone, or together with his wife; and all pretended sales of the homestead involving any condition of defeasance shall be void."

It will be further observed from the written agreement between the parties that the alleged option to purchase the one-fourth royalty, which appellees claimed to have been given them in the agreement, and which they testified to have "exercised" at the time of procuring possession of the deed, had not arisen under the terms of the agreement, that is, the conditions precedent to appellees' right of option to buy the one-fourth royalty had not been performed. By the terms of the agreement the option to buy was conditioned on completion of the purchase and sale of the children's lease; the terms of the agreement being that appellees "shall have the option also to buy the ¼ royalty so pledged on the basis of $40.00 per royalty acre," conditioned: "When all the guardianship proceedings have been complied with and the lease is ready to be delivered to the undersigned by Mrs. J. W. Bacle as guardian." No right of option to buy the one-fourth royalty was, and none could have been, based on condition of breach of Mrs. Bacle's obligation to be appointed guardian of her minor children and to lease their one-half interest in the property to appellees for a stipulated term and price, because such agreement is an attempt to control the future orders of the probate court in the administration and disposition of a minor's estate, and is not enforceable, Specht v. Collins, 81 Tex. 213, 16 S. W. 934; Kearse v. Kearse (Tex. Civ. App.) 262 S. W. 561.

Appellees' plea that the original contract was "called off," and it was agreed between the parties to release the agreement as to the

children's lease and to sell the one-fourth royalty at $40 per acre, cannot be sustained in fact as well as law for the reason that according to appellees' own testimony this transaction is shown to have been had between them and Mr. Bacle alone, in the absence of Mrs. Bacle and without her knowledge or consent, and after notice of her retraction.

■ And the judgment cannot be sustained on appellees' plea of ratification and estoppel on the part of Mrs. Bacle by her conduct in indorsing and accepting the fruits of the check and her delay from January to October, 1931, in filing suit to cancel the deed; for the reason that a married woman cannot effect conveyance of her homestead property by such conduct in ratification of her void deed; and as between the parties and their privies with notice, she is not estopped to deny the invalidity of such deed. In 22 Tex. Jur., § 99, p. 141, the rule is stated: "Subject to the exceptions stated, it is declared in this provision (Art. 16, Sec. 50, Constitution) that no mortgage upon the homestead 'shall ever be valid.' And it has been reiterated that 'what cannot ever be valid is never valid, and what is never valid is always void.'" Inge v. Cain, 65 Tex. 75; Wooten Motor Co. v. First Bank (Tex. Com. App.) 281 S. W. 196; Wilson v. Levy (Tex. Civ. App.) 13 S.W.(2d) 971.

The constitutional inhibition placed upon the transaction is determined and foreclosed by the circumstances and intention of the parties at the time of executing the deed. Wood v. De Winter (Tex. Civ. App.) 280 S. W. 303. Once a mortgage it remains a mortgage. Receipt of the benefits, accompanied by failure to promptly assert her title, and with intention to ratify, would not estop her to seek cancellation of the mortgage deed. Owen v. New York & T. Land Co., 11 Tex. Civ. App. 284, 32 S. W. 189, 1057; 23 Tex. Jur. § 275, p. 315. In Rich v. Walker Smith Co. (Tex. Com. App.) 57 S.W.(2d) 1098, it is said: "That which the Constitution declares void cannot be made valid by agreement of the parties. * * * The fact that, in the compromise, Rich and wife ratified the instruments in question would not operate to estop them from asserting their homestead rights in the present suit."

We are of the opinion that appellants' motion for judgment should have been sustained. And it appears from the law applicable to the uncontradicted controlling facts in the case that no other proper judgment could be rendered than one for appellants. Wherefore the judgment of the trial court is reversed, and judgment is here rendered in favor of appellants, canceling the mineral deed in question and for title and possession of the land sued for; and that appellees pay all costs in this court and in the court below.